## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **MARIA HARKNESS, AS** | § | |
| **INDEPENDENT EXECUTOR OF THE** | § | |
| **ESTATE OF PAUL PHILLIP** | § | |
| **GIANNANDREA,** | § | |
| | § | **Civil Action No. 9:23-cv-00196** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SHELLPOINT MORTGAGE** | § | |
| **SERVICING,** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant") files this notice of the removal of this action from the County Court of Shelby County, Texas. Defendant submits this Notice in support of its removal. Removal is based on the ground that diversity jurisdiction exists over this action because there is complete diversity among the proper parties and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. Section 1332. Defendant respectfully shows as follows:

### INTRODUCTION

1.    Maria Harkness, as Independent Executor of the Estate of Paul Phillip Giannandrea ("Plaintiff") filed this action on September 29, 2023, under Cause No. 2023-10878PC in the County Court of Shelby County, Texas (the "State Court Action"). Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, Defendant removes this case to the United States District Court for the Eastern District of Texas, Lufkin Division, the Judicial District and Division in which this action is pending.

2.    The allegations in *Plaintiff's Request for Temporary Restraining Order, Temporary Injunction and Order Setting Hearing for Temporary Orders* (the "Petition") relate to the foreclosure proceedings of Paul Phillip Giannandrea's ("Borrower") loan secured by his former residence, located at 1824 CR 1265, Center, Texas (the "Property"). *See* Petition. Plaintiff complains Shellpoint has failed to communicate with Plaintiff about Borrower's loan and has acted with malice for which Plaintiff intends to seek damages from Defendant.  *See id.*  Based on these allegations, Plaintiff seeks injunctive relief to stop foreclosure and expresses an intention to pursue damages in an amount to be determined later.  *See id.*

3.    Attached hereto as Exhibit A is a copy of the Docket Sheet from the State Court Action, and true and correct copies of all pleadings filed in the State Court Action are attached within the contents of Exhibit B.

4.    This Notice of Removal is timely under the provisions of 28 U.S.C. Section 1446(b), as it is being filed within thirty (30) days after the State Court Action was filed. 28 U.S.C. § 1446(b)(2).

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.    There is diversity between the parties.**

5.    Removal of the State Court Action to this Court is also proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

**1.    There is complete diversity.**

6.    Borrower was a citizen of Texas at the time of his passing, thus making Plaintiff a citizen of Texas for purposes of diversity jurisdiction.  See 28 U.S.C. § 1332(c)(2)

7.    NewRez LLC dba Shellpoint Mortgage Servicing is a limited liability company

and its citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of NewRez LLC is Shellpoint Partners LLC. The members of Shellpoint Partners LLC are NRM Acquisition, LLC and NRM Acquisition II, LLC. The sole member of both NRM Acquisition, LLC and NRM Acquisition II, LLC is New Residential Mortgage, LLC. New Residential Mortgage, LLC's sole member is New Residential Investment Corp., a Delaware Corporation with its principal place of business in New York. Therefore, Shellpoint is a citizen of Delaware and New York for diversity purposes.

### 2.    The amount in controversy exceeds $75,000.00.

8.      The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when declaratory and/or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

9.      "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred

method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013). Here, Plaintiff requests an injunction prohibiting Defendants from foreclosing on the loan and selling the Property. (*See* Petition at Prayer.) The Shelby County Appraisal District shows a total assessed value of the Property at $56,720.00, exclusive of interest and costs. (Exhibits C, C-1.)

10.     Additionally, Plaintiff seeks actual damages for Defendant's alleged misconduct. *See Petition.*  When a plaintiff does not allege in her state court petition a specific amount of damages, to establish the amount-in-controversy requirement for diversity jurisdiction, the removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*  If the defendant's allegation of the amount in controversy is then contested by the plaintiff, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553–54.

11.    Here, Plaintiff seeks an unspecified amount of damages for Defendant's alleged actions.  *See Petition*.  In a case involving wrongful foreclosure claims tried to verdict, the total jury award exceeded $75,000.00.  *See Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (212th Judicial District Court of Galveston County, Texas).  As a result, based upon the allegations in Plaintiff's Petition, if meritorious, Plaintiff's recovery would exceed $75,000.00.

12.    Plaintiff also alleges that Defendant acted with malice, thus indicating that Plaintiff intends to seek exemplary damages.  *See Petition.* For jurisdictional purposes, the amount in controversy includes punitive damages.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998).  Other jury verdicts in Texas relating to loan disputes have resulted in punitive damages awards far exceeding the jurisdictional minimum.  *See, e.g.*, *Garcia v. W.M.C. Mortgage Co.*, No. 2000-CI-90121, 73rd District of Bexar County, Texas (jury awarded $460,000.00 in punitive damages for violations of the Deceptive Trade Practices Act and the Truth in Lending Act relating to Plaintiff's home mortgage loan); *Home Loan Corp. v. Thompson*, No. 2001-46491, 215th Judicial District, Tarrant County, Texas (jury awarded $550,000 in punitive damages for fraud and contract claims relating to Plaintiff's home mortgage loan); *Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $2 million in punitive damages against bank for fraud claims and threats of foreclosure relating to Plaintiff's home mortgage loan).

## VENUE

13.    Venue for removal is proper in this District and Division under 28 U.S.C. Section 1441(a) because this district and division embrace the County Court of Shelby County, Texas, the forum in which the removed action was pending.

## NOTICE

14.    Defendant filed a copy of its Notice of Removal with the Clerk of the County

Court of Shelby County, Texas.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile:  (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## <u>LIST OF ALL KNOWN COUNSEL OF RECORD</u>

1. Maria Harkness, as Independent Executor of the Estate of Paul Phillip Giannandrea
   Plaintiff
   c/o John L. Price
   Fairchild, Price, Haley & Smith
   Texas Bar No. 16300000
   jprice@fairchildlawfir.com
   P.O. Box 1719
   Center, TX 75935-1719
   Telephone: (936) 598-2981
   Facsimile: (936) 598-9155

2. Shellpoint Mortgage Servicing
   Defendant
   c/o Mark D. Cronenwett
   Texas Bar No. 00787303
   mcronenwett@mwzmlaw.com
   Mackie Wolf Zientz & Mann, P. C.
   14160 North Dallas Parkway
   Dallas, TX 75254
   Telephone: (214) 635-2650
   Facsimile: (214) 635-2686

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A        Copy of the Docket Sheet for Cause No. 2023-10878PC 21-010 in the County Court of Shelby County, Texas;

Exhibit B        Pleadings in Cause No. 2023-10878PC 21-010 in the County Court of Shelby County, Texas;

     B-1        Request for Temporary Restraining Order, Temporary Injunction and Order Setting Hearing for Temporary Orders, September 29, 2023.

Exhibit C        Declaration of Mark D. Cronenwett; and

     C-1        Print out from the Shelby County, Texas Appraisal District web-site, October 27, 2023.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail on the following counsel of record on October 27, 2023:

John L. Price
Fairchild, Price, Haley & Smith
P.O. Box 1719
Center, TX 75935-1719

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**